IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA              PLAINTIFF

v.       Case No. 4:18-cr-00276 KGB

JOE ROBERT GARRISON              DEFENDANT

## ORDER

Pending before the Court is defendant Joe Robert Garrison's motion for early termination of supervised release (Dkt. No. 27). The government has responded to the motion and contests early termination of supervised release (Dkt. No. 30). For the following reasons, the Court denies without prejudice at this time Mr. Garrison's motion for early termination of supervised release (Dkt. No. 27).

On July 30, 2018, Mr. Garrison plead guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 14). The Court sentenced Mr. Garrison on January 10, 2019, to 24 months of imprisonment, three years of supervised release, and a $100.00 special penalty assessment (Dkt. Nos. 21-22).

Mr. Garrison's supervision commenced on July 31, 2020 (Dkt. No. 27, ¶ 1). Mr. Garrison states that he has complied with all of the terms and conditions of his supervision (Dkt. No. 27, ¶ 1). The United States Probation Office confirms that Mr. Garrison is in substantial compliance with the conditions of his supervision (Dkt. No. 30, at 1). In its response, the government states, however, that the United States Probation Office recommends against early termination of supervision at this time because Mr. Garrison has an active state arrest warrant for a charge of terroristic threatening first degree, stemming from an altercation with his neighbor on May 13, 2022 (Dkt. No. 30, at 1-2). The government states that terroristic threatening is a Class D felony

under Arkansas law (*Id.*, at 2).  Accordingly, the government contests Mr. Garrison's motion for early termination of supervised release on grounds that he is accused of committing a crime involving threats of violence in a case pending in Lonoke County, Arkansas, and because there is an active warrant for Mr. Garrison's arrest in connection with that charge.  The Court acknowledges that Mr. Garrison disclosed this incident in his motion; Mr. Garrison maintains that there has been no movement on this and vehemently denies any wrongdoing (Dkt. No. 27, at 1 n.2).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the appropriate factors, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice.  As he has served more than one year of supervised release, Mr. Garrison is eligible for early termination of the remainder of his supervised release under 18 U.S.C. § 3583(e).  Mere compliance with the terms of supervised release does not justify early termination because compliance is expected.

Here, Mr. Garrison has made some progress that supports early termination.  Since his release, he has maintained gainful employment and has paid the special assessment.  However, the government reports that Mr. Garrison has also been charged with a felony and has an active arrest warrant against him as a result of that charge.  The Court cannot conclude, based on all of the circumstances, that the conduct of Mr. Garrison warrants early termination of supervised release.  Therefore, the Court denies Mr. Garrison's motion for early termination of supervised release (Dkt. No. 27).

It is so ordered this 1st day of December, 2022.

_____
Kristine G. Baker
United States District Judge